**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PHILLIP R. DILTS DVM,** : | |
| : | Case No. 2:25-CV-0602 |
| **Plaintiff,** : | |
| : | Judge Michael Watson |
| v. : | |
| : | Magistrate Judge Vascura |
| **OHIO VETERINARY MEDICAL** : | |
| **LICENSING BOARD, et al.,** : | |
| : | |
| **Defendants.** | |

**DEFENDANT OHIO VETERINARY MEDICAL LICENSING BOARD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR A CIVIL CASE**

Defendant, the Ohio Veterinary Medical Licensing Board ("the Board"), asks the Court to dismiss the claims against it. This Court lacks subject matter jurisdiction over Plaintiff's claim. *See* Fed. R. Civ. P. 12(b)(1). A memorandum in support is attached.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

/s/ Michelle L. Kazar
MICHELLE L. KAZAR (0071211)
Senior Assistant Attorney General
30 East Broad Street
Columbus, OH 43215
Phone: (614) 466-4589
Facsimile: (866) 478-7796
michelle.kazar@OhioAGO.gov

*Counsel for Ohio Veterinary Medical Licensing Board*

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff's claims against the Board fail as a matter of law.  As a state agency, a suit against the Board is equivalent to a suit against the State.  Such actions are barred by the Eleventh Amendment unless a state expressly waives its sovereign immunity.  The State of Ohio has not consented to be sued in federal court.  As a result, this Court lacks jurisdiction over Plaintiff's claims.  The Board should be dismissed from this case.

**II.    STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).  The Supreme Court of the United States has interpreted Rule 8(a) to mean that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff's obligation to provide the grounds for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  A complaint must contain "enough facts to state a claim to relief that is plausible on its face," meaning it must nudge the claims "across the line from conceivable to plausible." *Id.* at 570.

In expanding upon *Twombly*'s "facial plausibility" test, the Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the pleading standard announced in *Twombly* does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant

3

has acted unlawfully." *Id.* "[N]aked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks omitted).

Under Fed. R. Civ. P 12(b)(1), a defendant, in lieu of filing an answer to a complaint, may file a motion to dismiss for lack of subject matter jurisdiction. Where a defendant raises the issue of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990); *see also*, *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Morgan v. United States Dep't of Educ.*, 596 F. Supp. 3d 1023, 1026 (S.D. Ohio 2022) citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### III. LAW AND ARGUMENT

**Plaintiff's claims against the Ohio Veterinary Medical Licensing Board fails because state agencies are immune from suit in Federal Court**

The Eleventh Amendment of the Constitution of the United States "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens" *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted). Courts have explicitly held that state agencies are immune from suit in Federal Court by virtue of sovereign immunity under the Eleventh Amendment. *See King v. Whitmer, 71 F.4th 511, 528* ("The Board is a state agency; and unless the state waives Eleventh Amendment immunity or Congress abrogates it, state agencies are immune from federal suit."); *see also Boler v. Earley, 865 F.3d 391, 409-10* (6th

4

Cir. 2017)("Sovereign immunity protects states…from suit in federal court…It also applies to state agencies or departments.")(internal citations omitted).

In the instant case, the Ohio Veterinary Medical Licensing Board is a state agency for purposes of the Eleventh Amendment. R.C. 117.01(F) defines a state agency as " every organized body, office, agency, institution, or other entity established by the laws of the state for the exercise of any function of state government." As set forth in Ohio Revised Code Chapter 4741, the Ohio Veterinary Medical Licensing Board is charged with regulating the practice of veterinary medicine in Ohio. Its main functions include licensing, disciplinary actions, guidance and public protection. *See* R.C. 4741.03

"The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008), citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, at 66. Any waiver of Eleventh Amendment immunity must be "by the most express language or by such overwhelming implications from the text as leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

The State of Ohio has not waived this immunity as to actions brought in federal court. As a result, this Court lacks subject matter jurisdiction and all claims against the Board should be dismissed from this lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Ohio Veterinary Medical Licensing Board asks this Court to dismiss it from this case.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

/s/ Michelle L. Kazar
MICHELLE L. KAZAR (0071211)
Senior Assistant Attorney General
30 East Broad Street, 26th Floor
Columbus, OH 43215
Phone:  (614) 466-2764
Facsimile:  (866) 478-7796
michelle.kazar@OhioAGO.gov

*Counsel for Ohio Veterinary Medical Licensing Board*

## CERTIFICATE OF SERVICE

I certify that on June 25, 2025, the foregoing *Defendant Ohio Veterinary Medical Licensing Board's Motion to Dismiss Plaintiff's Complaint for a Civil Case* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  A copy was also sent via U.S. Mail to the following party:

Phillip R. Dilts, DVM
18436 Knox Lake Road
Fredericktown, Ohio 43019

*Plaintiff, Pro Se*

/s/Michelle L. Kazar
MICHELLE L. KAZAR (0071211)
Senior Assistant Attorney General

6